# Court of Appeals
# of the State of Georgia

ATLANTA,  October 11, 2024

*The Court of Appeals hereby passes the following order:*

**A25A0405. DAWN WOOTEN v. MAHENDRA AMIN.**

In this civil action, Dawn Wooten filed a motion to dismiss pursuant to Georgia's anti-SLAPP statute, OCGA § 9-11-11.1. After Mahendra Amin served discovery requests regarding actual malice, Wooten asked the trial court for a protective order to stay discovery, which the trial court denied. Wooten timely initiated this direct appeal to challenge the trial court's order. We, however, lack jurisdiction.

As a general rule, a direct appeal requires that the judgment or order appealed to be final, which means the case is no longer pending below. See OCGA § 5-6-34 (a) (1); *Fein v. Chenault*, 330 Ga. App. 222, 227 (767 SE2d 766) (2014). Here, the action remains pending below. The law, however, permits a direct appeal from certain non-final orders. Specifically, a direct appeal may be had from "[a]n order granting or denying a motion to dismiss or a motion to strike" under Georgia's anti- SLAPP statute. OCGA § 9-11-11.1 (e); see OCGA § 5-6-34 (a) (13). Wooten contends that the denial of her motion for a protective order is also appealable under these statutes. Because the trial court's order was not a denial of a motion to strike or a motion to dismiss, the order was not an appealable order under OCGA § 9-11-11.1 (e). It follows that Wooten has no right to a direct appeal under OCGA § 5-6-34 (a) (13).

Because the action, including Wooten's motion to dismiss under Georgia's anti-SLAPP statute, remains pending below, Wooten was required to comply with the interlocutory appeal procedures, including obtaining a certificate of immediate review, to appeal the trial court's order. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App.

435, 435 (383 SE2d 906) (1989). Her failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,* 10/11/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*